RECEIVED
IN LAKE CHARLES, LA.

NOV - 9 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID B. VERRET and THERESA B. VERRET | : | DOCKET NO. 2:09 CV 02017 |
| VS. | : | JUDGE MINALDI |
| LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY and LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before this Court is a Motion for Reconsideration filed by the plaintiffs, David B. and Theresa B. Verret ("the Verrets") [doc.29] as well as a Motion for Hearing by Oral Argument [doc. 36]. The defendant, Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau"), filed an Opposition to both motions [docs. 33, 37, and 40]. The Verrets filed a Reply to Louisiana's Farm Bureau's first Opposition to the Motion for Reconsideration [doc. 35].

## FACTS

On September 27, 2010, this Court granted Louisiana Farm Bureau's Motion for Summary Judgment, dismissing all of the Verrets' claims against Louisiana Farm Bureau. This Court found that the Verrets failed to file a timely proof of loss for the additional sums they request under their flood insurance policy, and thus had not complied with the conditions precedent to filing suit against a Write Your Own insurance policy carrier under the federally funded National Flood Insurance Program. Following Fifth Circuit precedent, this Court rejected the Verrrets' argument that the principle of equitable estoppel should preclude Louisiana Farm Bureau from asserting the proof of loss defense, reasoning that equitable estoppel is unavailable

in a suit against a WYO carrier. This Court also denied the Verrets' request for leave of court to file an extension of the proof of loss deadline with FEMA. Therefore, this Court granted Louisiana Farm Bureau's Motion for Summary Judgment.[1]

In their Motion for Reconsideration, the Verrets request this Court to abandon its prior judgment. While they neither cite to any cases nor raise any new arguments in support of their request for a stay pending a waiver of the proof of loss deadline, they contend that this "Court is . . . without the power or authority to deny or prevent either Farm Bureau or the Verrets from seeking a waiver." As such, they assert that there is at least a factual question as to whether the Verrets are entitled to a waiver. In addition, they argue that there are "fact questions regarding Farm Bureau's conduct in this case and whether that conduct warrants application of an equitable estoppel counter-defense on behalf of [the] [p]laintiffs."[2]

## STANDARD FOR ALTERING OR AMENDING JUDGMENT

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D.La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to succeed on a Rule 59(e) motion, a party must "clearly

---

[1] Order Granting Mot. Summ. J. Sept. 9, 2010 [doc. 24].

[2] Pls.' Br. Recons. 3-5 [doc. 30]; *see also* Pls.' Reply Recons. 1-2 [doc. 35].

establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## LAW AND ANALYSIS

Just as the Fifth Circuit noted in *Marseilles*, "[the Verrets'] argument strikes us as hollow given [Fifth Circuit precedent establishing] that the filing of the proof-of-loss requirement is a condition precedent [to filing a lawsuit] and the doctrine of equitable estoppel is not an available remedy against the government." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 fn. 3 (5th Cir. 2008). According to Federal Regulation, the insured cannot file a lawsuit seeking further federal benefits under a Standard Flood Insurance Policy ("SFIP") unless he can show prior compliance with all of the policy's requirements. 44 C.F.R. § 61, app. (A)(1), art. VII.R.

The Verrets' argument "ignores the clearly established rule that the courts must strictly construe the requirement of the SFIP. A sworn proof of loss is a 'condition precedent to bringing litigation.'" *Cason v. State Farm Fire & Cas. Co.*, Civil Action No. 09-2144, 2009 WL 4020752, at *3 (E.D.La. Sept. 23, 2009) (quoting *Marseilles*, 542 F.3d at 1055). "For this Court to allow a plaintiff to file suit first and *then* provide adequate proof of loss or to seek [a] waiver would fly in the face of the express direction of both prior binding precedent and express statutory authority." *Bergeron v. American Nat. Prop. & Cas. Co.*, Civil Action No. 07-9484, WL 1969247 at *5 (E.D.La. July 8, 2009). Accordingly, this Court's summary judgment ruling

was appropriate given the Verrets' failure to file a proof of loss for the additional insurance proceeds they seek before they initiated their lawsuit.

In addition, the Fifth Circuit has clearly held that "the doctrine of equitable estoppel is unavailable in a claim by an insured against a WYO carrier asserting a proof of loss defense." *See, e.g., Richardson v. American Bankers Ins. Co. of Florida*, 279 Fed. Appx. 295, 299 (5th Cir. 2008). As the Fifth Circuit ruled in *Wright v. Allstate Insurance Co.*, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." 415 F.3d 384, 387 (5th Cir. 2005) (quoting *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)). The doctrine of equitable estoppel is, therefore, unavailable in this case. Accordingly, it is

ORDERED that the Verrets' Motion for Hearing by Oral Argument is DENIED;

IT IS FURTHER ORDERED that the Verrets' Motion for Reconsideration is DENIED.

Lake Charles, Louisiana, this 9 day of November 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE